**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **BRIAN GOSNELL**<br><br>**Plaintiff,**<br><br>*versus*<br><br>**TOLA HUSSEIN HASSAN, POLA SERVICES COMPANY, LLC., A Minnesota Limited Liability Company & CONCERT SPECIALITY INSURANCE COMPANY, a Montana Corporation**<br><br>**Defendants.** | **Court No.** |

## COMPLAINT AT LAW

NOW COMES, Plaintiff, **BRIAN GOSNELL**, by and through his attorneys, THUT LAW GROUP, LLC., and for his complaint against Defendants, **TOLA HUSSEIN HASSAN, POLA SERVICES COMPANY, LLC., A Minnesota Limited Liability Company & CONCERT SPECIALITY INSURANCE COMPANY, a Montana Corporation**, states as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff, **Brian Gosnell** was a Citizen of the State of Illinois, County of Lake.

2. At all times relevant to this Complaint, Defendant, **TOLA HUSSEIN HASSAN**, was a Citizen of the State of Minnesota, county of Hennepin.

3. At all times relevant to this Complaint, Defendant, **POLA SERVICES COMPANY, LLC.,** was a limited liability company organized under the Laws of the State of Minnesota and thus a Citizen of the State of Minnesota.

4. At all times relevant to this Complaint, Defendant, **CONCERT SPECIALITY INSURANCE COMPANY,** was a corporation organized under the laws of the State of Montana

and thus, a citizen of the State of Montana. **Concert Specialty Insurance Company** is licensed to administer and is engaged in the business of administering automobile insurance coverage in Minnesota**.**

## JURISDICTION

5.	This Court has jurisdiction over this matter pursuant to 28 USC 1332(a)(1) in that the parties hereto are citizens of different states and the amount in controversy exceeds $75,000.00.

## VENUE

6.	Venue is appropriate in the Western District of Wisconsin because the events giving rise to this Litigation occurred in Washington, Wisconsin, county of Eau Claire.

## COUNT I
### *Brian Gosnell v. Tola Hussein Hassan*
**(Negligence)**

7.	Plaintiff restates and realleges the preceding paragraphs as though fully set out herein.

8.	On July 23rd 2025, and at all times relevant, **Tola Hussein Hassan**, was operating a tractor-trailer, namely, a 2015 Freightliner Truck Tractor, in furtherance of a common interest and/or at the direction of Defendant, **Pola Services Company, LLC.,** (hereinafter, "**Pola**") a Minnesota Limited Liability Company.

9.	On July 23rd 2025, and at all times relevant, Defendant, **Tola Hussein Hassan**, was an actual, implied and/or apparent agent, servant and/or employee of Defendant, **Pola**.

10.	On July 23rd 2025, and at all times relevant, Defendant, **Tola Hussein Hassan**, was operating said 2015 Freightliner Truck Tractor in the course and within the scope of his agency and/or employment with Defendant, **Pola.**

11.     On July 23rd 2025, and at all times relevant, there was in full force and effect a policy of insurance coverage, Policy No. CSSPS6755442, issued to Defendant, **Pola Services Company, LLC.,** a Minnesota Limited Liability Co.**,** by Defendant, **Concert Specialty Insurance Company,** Insuring the vehicle being operated by Defendant, **Tola Hussein Hassan.**

12.     On July 23rd 2025, and at all times relevant, Interstate Highway 94, also known as I-94, was an east-west interstate highway that traversed through multiple states, including Wisconsin.

13.     On July 23rd 2025, and at all times relevant, Plaintiff, **Brian Gosnell,** was a passenger in a 2021 Ford F150 XLT, that was being driven westbound on I-94, .28 miles west of Hobbs Road in or near the town of Washington, Wisconsin.

14.     On July 23rd 2025, and at all times relevant, Defendant, **Tola Hussein Hassan,** was operating the 2015 Freightliner Truck Tractor at or near the same location aforesaid, travelling westbound on I-94 directly behind the vehicle occupied by Plaintiff.

15.     On July 23rd 2025, Defendant, **Tola Hussein Hassan,** while operating the 2015 Freightliner Truck Tractor, struck the rear end of the vehicle being occupied by Plaintiff, **Brian Gosnell**.

16.     On July 23rd, 2025, and at all times relevant, Defendant, **Tola Hussein Hassan,** had a duty to operate, manage, maintain and control his motor vehicle with ordinary and reasonable care so as to not cause injury to others.

17.     At all times relevant to this Complaint, Defendant, **Tola Hussein Hassan**, then and there carelessly and negligently breached his duty and was negligent by one or more of the following acts and/or omissions:

   a. Operated said motor vehicle in a reckless manner, contrary to and in violation of Wis. Stat. § 346.62(2);

b. Failed to brake and stop his motor vehicle to avoid a collision;

c. Operated his vehicle at a speed that was too fast conditions, contrary to and violation of Wis. Stat. § 346.57(2).

d. Failed to maintain a reasonably safe distance between himself and the vehicle being occupied by Plaintiff, contrary to and violation of Wis. Stat. § 346.14(1)(M)

e. Carelessly and negligently failed to maintain a proper lookout;

f. Carelessly and negligently failed to timely apply his brakes to avoid or diminish the severity of the impact;

g. Carelessly and negligently failed to take appropriate evasive measures to avoid colliding with another vehicle;

h. Failed to operate the commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it was being operated in violation of 49 C.F.R. § 392.2;

i. Failed to comply with Federal Motor Carrier Safety Regulation 49 C.F.R. §395.3 and §392.3 regarding hours of service and fatigue.

j. Operated the vehicle on the roadway without ensuring that it was in a safe operating condition, in violation of 49 C.F.R. §396.13(a)

k. Failed to inspect and/or report any damages, defects, or deficiencies in the intermodal equipment before operating intermodal equipment over the road, in violation of 49 C.F.R. §390.42(a)-(b);

l. Failed to perform a proper pre-trip inspection, in violation of 49 C.F.R. §392.7;

m. Operated a commercial motor vehicle without proof of a periodic inspection, in violation of 49 C.F.R. §396.17(c).

18. As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, Plaintiff, **Brian Gosnell,** suffered severe injuries, including, but not limited to facial lacerations, Thoracic Spinal Fracture, and Thoracic Disc and Bilateral Facet Joint disruption.

19. As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, Plaintiff, **Brian Gosnell,** sustained injuries of a personal and pecuniary nature including, but not limited to, pain, suffering, disfigurement, disability, and medical and related expenses.

**WHEREFORE,** The Plaintiff, **Brian Gosnell,** respectfully requests This Honorable Court enter judgment against Defendant, **Tola Hussein Hassan,** individually, and **Concert Specialty Insurance Company,** a Montana Corporation, in an amount in excess of $75,000.00.

## COUNT II
### *Brian Gosnell v. Pola Services Company, LLC.*
**(Vicarious Liability/Negligence)**

1-15. The Plaintiff hereby realleges paragraphs 1 through 15 as fully set out herein.

16. At all times relevant to this Complaint, Defendant, **POLA SERVICES, COMPANY, LLC., a Minnesota Limited Liability Company,** was a licensed federal commercial motor carrier, with USDOT Number 2309999.

17. At all times relevant to this Complaint, Defendant, **POLA SERVICES, COMPANY, LLC., a Minnesota Limited Liability Company**, owned, operated, managed, maintained and controlled tractors and trailers used in interstate commerce.

18. On July 23rd, 2025, and at all times relevant, of Defendant, **POLA SERVICES, COMPANY, LLC., a Minnesota Limited Liability Company,** owned, possessed, managed, maintained and/or controlled said 2015 Freightliner Truck Tractor, VIN: 3AKJGLD53FSGM7426, operated by its actual, implied and/or apparent agent, servant and/or employee, **Tola Hussein Hassan.**

19.    On July 23rd, 2025, and at all times relevant, **Tola Hussein Hassan,** was operating a 2015 Freightliner Truck Tractor, in furtherance of a common interest and/or at the direction of Defendant, **POLA SERVICES, COMPANY, LLC., a Minnesota Limited Liability Company.**

20.    On July 23rd, 2025, and at all times relevant, of Defendant, **POLA SERVICES, COMPANY, LLC., a Minnesota Limited Liability Company,** had the right to control **Tola Hussein Hassan** in his performance of his service and exercised said control in his performance of his service.

21.    On July 23rd 2025, and at all times relevant, Defendant, **Tola Hussein Hassan**, was an actual, implied and/or apparent agent, servant and/or employee of Defendant, **Pola Services Company, LLC.,** a Minnesota Limited Liability Company

22.    On July 23rd, 2025, and at all times relevant, Defendant, **Tola Hussein Hassan,** was operating said 2015 Freightliner Truck Tractor in the course and within the scope of his agency and/or employment with Defendant**, POLA SERVICES, COMPANY, LLC., a Minnesota Limited Liability Company**, and therefore, Defendant, **Pola Services Company, LLC., a Minnesota Limited Liability Company** is vicariously liable for the negligent acts and omissions of Defendant, **Tola Hussein Hassan.**

23.    On July 23rd 2025, and at all times relevant, it was the duty of Defendant, **Pola Services Company, LLC., a Minnesota Limited Liability Company,** to exercise reasonable care and caution in the operation, control, ownership, maintenance, and guidance of said truck-tractor for the safety of others, including the Plaintiff.

24.    On July 23rd, 2025, and at all times relevant, the truck and trailer driven by Defendant, **Tola Hussein Hassan,** was a semi-truck-tractor and therefore a motor vehicle as defined by the Motor Carrier Safety Regulations.  49 C.F.R. §390.5.

25. On July 23rd, 2025, and at all times relevant, Defendant, **Tola Hussein Hassan,** was a driver of said motor vehicle and therefore an employee as defined by the Motor Carrier Safety Regulations. 49 C.F.R. §390.5.

26. On July 23rd, 2025, and at all times relevant, Defendant, **Pola Services Company, LLC., a Minnesota Limited Liability Company,** was a private motor carrier and employer as defined by the Motor Carrier Safety Regulations. 49 C.F.R. §390.5.

27. As a motor carrier, Defendant, **Pola Services Company, LLC., a Minnesota Limited Liability Company,** had a duty to require observance by its drivers, including Defendant **Tola Hussein Hassan**, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

28. On July 23rd, 2025, and at all times relevant, Defendant, **Pola Services Company, LLC., by and through its agent and/or employee, Tola Hussein Hassan,** as a motor carrier and employer, had a duty to exercise ordinary care in the operation of said motor vehicle to avoid colliding with the vehicle being occupied by Plaintiff, **Brian Gosnell.**

29. On July 23rd, 2025, and all times relevant to This Complaint, the Defendant, **Pola Services Company, LLC., a Minnesota Corporation,** by and through its agent, servants, and/or employee, **Tola Hussein Hassan,** then and there carelessly and negligently breached its duty and was negligent by one or more of the following acts and/or omissions

  a. Operated said motor vehicle in a reckless manner, contrary to and in violation of Wis. Stat. § 346.62(2);

  b. Failed to brake and stop his motor vehicle to avoid a collision;

  c. Operated his vehicle at a speed that was too fast conditions, contrary to and violation of Wis. Stat. § 346.57(2).

  d. Failed to maintain a reasonably safe distance between himself and the vehicle being occupied by Plaintiff, contrary to and violation of Wis. Stat. § 346.14(1)(M)

e.  Carelessly and negligently failed to maintain a proper lookout;

f.  Carelessly and negligently failed to timely apply his brakes to avoid or diminish the severity of the impact;

g.  Carelessly and negligently failed to take appropriate evasive measures to avoid colliding with another vehicle;

h.  Defendant, **Pola Services Company, LLC., a Minnesota Limited Liability Company**, is vicariously liable for the negligent acts and omissions of its agent, Defendant **Tola Hussein Hasan,** for the conduct alleged above, contrary to and in violation of 49 C.F.R. §390.11 adopted by reference in Wis. Admin. Code § Trans 325.02(1).

i.  Defendant, **Pola Services Company, LLC., a Minnesota Limited Liability Company,** negligently supplied a defective truck to its agent, Defendant, **Tola Hussein Hassan,** which was unsafe for operation on the highway, contrary to and in violation of, 40 C.F.R. §396 adopted by reference in Wis. Admin. Code § Trans 325.02(6).

j.  Defendant, **Pola Services Company, LLC., a Minnesota Limited Liability Company,** was negligent in the supervision and oversight of its agent, **Defendant, Tola Hussein Hassan** contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in Wis. Admin. Code § Trans 325.02(1).

k.  Allowed the vehicle out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. §396.13.

l.  Failed to perform a proper pre-trip inspection, in violation of 49 C.F.R. §392.7.

m.  Operated a commercial motor vehicle without proof of a periodic inspection, in violation of 49 C.F.R. §396.17(c).

30.  As a direct and proximate result of one or more of the Defendant's negligent acts and/or omissions, Plaintiff, **Brian Gosnell,** suffered severe injuries, including, but not limited to facial lacerations, Thoracic Spinal Fracture, and Thoracic Disc and Bilateral Facet Joint disruption.

31.     As a direct and proximate result of one or more of the Defendant's negligent acts or omissions, Plaintiff, **Brian Gosnell,** sustained injuries of a personal and pecuniary nature including, but not limited to, pain, suffering, disfigurement, and medical and related expenses.

**WHEREFORE,** The Plaintiff, **Brian Gosnell,** respectfully requests This Honorable Court enter judgment against Defendants, **Pola Services Company, LLC., A Minnesota Limited Liability Company,** and **Concert Specialty Insurance Company,** in an amount in excess of $75,000.00.

Respectfully submitted,
**THUT LAW GROUP**

By:     /s/ C. Jeffrey Thut

C. Jeffrey Thut
Atty No. 6188219
Andrew J. Thut
Tyler J. Thut
**Thut Law Group, LLC**
53 W. Jackson Suite 715
Chicago, Illinois 60654
jeff@thutlawgroup.com